UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Shane Rolen, #257993,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>Cecilia Reynolds, Warden, Lee CI,<br><br>　　　　　　Respondent. | Civil Action No.: 0:15-cv-2045-BHH<br><br>**Opinion and Order** |

　　　　Petitioner, Craig Shane Rolen, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Gossett recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 25.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

　　　　On May 18, 2015, Petitioner filed this action against Respondent alleging, *inter alia*, ineffective assistance of trial counsel. On January 19, 2016, the Magistrate Judge issued a Report; and on February 4, 2016, Petitioner filed his Objections. (ECF No. 27.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant

to this action. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of the petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

The Magistrate Judge first found that Ground One fails to state a cognizable § 2254 claim and the Court agrees. Ground One alleges that the plea court abused its discretion in denying Petitioner's motion to withdraw his plea. (ECF No. 1 at 5.) As the Magistrate Judge correctly stated, "[t]he decision to permit a defendant to withdraw his plea invokes the trial court's discretion, the abuse of which is not a basis for habeas corpus relief." (ECF No. 25 at 11 (citing *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995) (finding no authority for the proposition that a state court's abuse of discretion in denying a defendant's motion to withdraw a waiver of jury trial violates the United States Constitution); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.")).)

The Magistrate Judge then addressed Ground Two, which alleges that plea counsel was ineffective for failing to object to comments made by the State during the hearing in which Petitioner moved to withdraw his guilty plea. (ECF No. 1 at 7, 19–20.) In her thorough twenty-four page Report, the Magistrate Judge engaged in a thoughtful and comprehensive analysis of this claim, correctly finding that it failed on the merits. (ECF No. 25 at 12–21.) She determined that the rulings of the state court were reasonable and Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (*Id.* at 19–20.) She further found that, to the extent Petitioner argues his plea

counsel should not have represented him in the hearing on his motion to withdraw his plea since plea counsel had already been ineffective for failing to make such a motion during Petitioner's guilty plea proceedings, such a claim is procedurally barred. (*Id.* at 20–21.) As explained by the Magistrate Judge, this claim was not raised to or ruled upon by the state court, *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (noting that issues must be raised to and ruled on by the state court to be preserved for appellate review), and, even if it had been, the claim is without merit. (*Id.*) The rulings of the state court were reasonable regarding this claim and Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny.

Finally, the Magistrate Judge found that Ground Three also fails on the merits and the Court agrees. Ground Three alleges that trial counsel was ineffective for failing to investigate and prepare for trial. (ECF No. 1 at 8.) After detailing the evidence in the record and the state court's findings on this claim, the Magistrate Judge correctly found that the rulings of the state court were reasonable and Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny. (ECF No. 25 at 21–23.)

Petitioner's brief objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 10) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

February 16, 2016
Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.